# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-00030-SCT

*SARA M. SLATERY*

*v.*

*NORTHEAST MISSISSIPPI CONTRACT PROCUREMENT, INC., THOMAS L. STENNIS, LOUISE CAMPBELL, MAURICE SMITH, MORRIS DENTON, MARK LEONARD AND CHARLEIGH FORD*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/1998 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY L. GEESLIN |
| ATTORNEYS FOR APPELLEES: | TAYLOR B. SMITH |
| | BERKLEY N. HUSKISON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 09/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/07/99 |

## BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

¶1. Sara Slatery filed a lawsuit against her employer, Northeast Mississippi Contract Procurement, Inc., and the members of its Board of Directors. The complaint contained causes of action for wrongful and tortious termination of employment, breach of contract and breach of an implied covenant of good faith and fair dealing. Slatery appeals from the lower court's grant of the defendants' motion for summary judgment. Finding no error in the trial court's judgment, we affirm.

## STATEMENT OF THE FACTS

¶2. The Northeast Mississippi Contract Procurement Center, Inc., is a non-profit corporation chartered in 1987. The Procurement Center was established to promote economic development in Northeast Mississippi by instructing and helping businesses to obtain government contracts. It is governed by a Board of Directors which is empowered to employ an Executive Director to "carry out the purposes and functions of the corporation subject to the pleasure of the Board of Directors." Sara Slatery accepted a position of employment as Procurement Director, a position which was later renamed "Executive Director," in March of 1988. She neither had a contract of employment with the Procurement Center, nor was she hired for any

specific period of time. Slatery managed the day-to-day operations of the Procurement Center, including drafting a personnel policies and procedures manual ("employee handbook"). Slatery testified in her deposition and by affidavit offered in opposition of summary judgment that she was asked to draft the employee handbook by William Boyd,

who was at that time president of the non-profit corporation. Slatery also averred that Boyd later reviewed and approved the employee handbook. It contained a certificate to be signed by each employee acknowledging that he had received a copy of the employee handbook, was familiar with its terms, and agreed to abide therewith. Slatery executed a copy of this certificate, which was later found in her employment file. Each member of the Defendant Board of Directors provided an affidavit stating that the employee handbook was never "approved" or "adopted" by the Board. Slatery admitted this fact in her deposition.

¶3. Because the Procurement Center began to experience financial difficulties in 1992, the Board of Directors began to discuss merging with the North Mississippi Industrial Development Association [hereinafter "NMIDA"], or dissolving the non-profit corporation and letting the NMIDA take over the functions of the Procurement Center. In 1997, William Boyd resigned as President, and Thomas Stennis was elected to replace him. Stennis also served as the Executive Director of the NMIDA. The Board of Directors entered into a management contract with the NMIDA on July 28, 1998. Under the terms of the contract, all employees of the Procurement Center, including Slatery, were terminated.

## DISCUSSION OF LAW

¶4. Rule 56(c) of the Mississippi Rules of Civil Procedure allows entry of summary judgment where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. M.R.C.P. 56(c). This Court's standard of review for the grant or denial of summary judgment is *de novo*; therefore, "the lower court's decision is reversed only if it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party." *Robinson v. Singing River Hosp. Sys.*, 732 So. 2d 204, 207 (Miss. 1999) (*citing* *Box v. State Farm Mut. Auto. Ins. Co.*, 692 So. 2d 54, 56 (Miss.1997)).

¶5. Mississippi has long followed the employment at-will doctrine where an employee may quit or be terminated from his job for good reason, bad reason, or no reason at all. *See, e.g., Bobbitt v. The Orchard, Ltd.*, 603 So. 2d 356 (Miss. 1992)*; Brown v. Inter-City Federal Bank for Sav.*, 1999 WL 27560, *2 (Miss. Ct. App. Jan. 26, 1999)*. No. 97-CA-00868COA. There are, however, exceptions to the employment at-will doctrine. In *Bobbitt*, this Court held that where an employer published and distributed a handbook to all employees, the employer had created a contractual obligation to follow the policies and procedures outlined in the handbook, even absent a written employment contract. 603 So. 2d at 361. Similarly, in this case, Slatery alleges that her employment status was modified by the existence of the employee handbook.

¶6. When viewed in the light most favorable to Slatery, the facts of this case do not support her allegation that the Board of Directors "adopted" or "approved" the employee handbook. Even Slatery admits this is so. Nevertheless, she alleges in her affidavit and in her deposition that the handbook was approved by Boyd, her "supervisor." While it is true that actions of officers with apparent authority to act on behalf of the corporation may bind a corporation, *see Baxter, Porter & Sons Well Servicing Co. v. Venture Oil Co.*, 488 So. 2d 793 (Miss. 1986), this is not a case of apparent authority. Slatery herself drafted the

employee handbook. The first provision of the handbook is that "[t]he Board of Directors is responsible for the adoption . . . of all personnel policies." Therefore, Slatery knew that the handbook could not be adopted without approval of the Board of Directors, and she readily admits the Board did not adopt the handbook. She therefore cannot now claim that she believed Boyd had the authority to adopt the handbook on behalf of the corporation. Since there was no employee handbook to modify her employment at-will status, we find that no material issue of fact exists as to Slatery's status as an at-will employee. We also find Slatery's claim for breach of an implied covenant of good faith and fair dealing to be without merit. *See Hartle v. Packard Elec.*, 626 So. 2d 106 (Miss. 1993); *Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086 (Miss. 1987). We affirm the grant of summary judgment.

¶7. **AFFIRMED.**

> **SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**