## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00111-COA

**DELTON CRUTCHFIELD AND LORI CRUTCHFIELD**                    **APPELLANTS**

**v.**

**MAGNOLIA REGIONAL HEALTH CENTER**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2016 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | EDGAR CLARK TROUT |
| | THOMAS ROY TROUT |
| | KRISTIAN ALICIA MCCRAY |
| ATTORNEY FOR APPELLEE: | L. BRADLEY DILLARD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 06/05/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     The Alcorn County Circuit Court granted summary judgment against Delton Crutchfield—then a named plaintiff but since deceased—and Lori Crutchfield.  The Crutchfields now appeal, maintaining that the court erred in granting summary judgment. We affirm.

FACTS

¶2.     Delton was admitted to Magnolia Regional Health Center (Magnolia Regional) on September 18, 2011, after suffering a heart attack.  While under the care of Magnolia Regional, Delton developed decubitus ulcers on his coccyx, left buttocks, left heel, right

trochanter, right lateral gluteus, right ischium, and sacrum. Delton was discharged from Magnolia Regional on October 25, 2011. However, his wounds gradually worsened and ultimately resulted in amputation of his lower left extremity. Delton's health continued to deteriorate until his death on July 24, 2016.

¶3.　About three and a half years prior to Delton's death, on November 16, 2012, the Crutchfields filed their initial complaint against Magnolia Regional, asserting that he had developed the decubitus ulcers as a result of their negligent treatment. Attached to that complaint was an affidavit by counsel for the Crutchfields, alleging that he had conferred with a medical expert, Dr. Irving Vinger, who concluded that there was a reasonable basis to bring suit against Magnolia Regional.[1]

¶4.　Either late 2012 or early 2013, Magnolia Regional propounded written discovery to the Crutchfields, including interrogatories wherein it asked them to identify each person they expected to call as an expert witness at trial. In February 2013, the Crutchfields responded, "No decision has been made as to which experts the Plaintiffs will designate to testify at the trial of this matter," and "Plaintiffs will supplement this interrogatory when a decision as to who will be testifying as an expert(s) at the trial of this matter [has been made]." Magnolia Regional maintains—and the Crutchfields readily admit—that no such designation was ever made.

---

[1] The initial complaint also included as defendants Magnolia Regional Health Center Foundation, Inc., and Magnolia Regional Health Services, Inc., both of whom were later dismissed. Additionally, the initial complaint was amended with leave of court to include Dr. Nanni Pidikiti, a cardiologist who had treated Delton at one point. Dr. Pidikiti was also later dismissed as a defendant.

2

¶5.     On January 7, 2015, the Crutchfields filed a motion for a scheduling order and trial date; however, no trial date was ever formally set.[2]  On May 26, 2016, Magnolia Regional filed a motion for summary judgment, on the basis that the Crutchfields had failed to designate an expert witness in support of their medical-negligence claims.  The record indicates that on July 25, 2016, and on August 19, 2016, the Crutchfields issued two subpoenas for Delton's medical records from Baptist Union County Hospital and North Mississippi Medical Center, respectively.  The docket sheet provides that the medical records from Baptist Memorial Hospital were filed with the court on September 15, 2016.  There is no such entry regarding the records from North Mississippi Medical Center, and the Crutchfields maintain that those records were never filed.  On September 7, 2016, the Crutchfields filed a response to Magnolia Regional's motion for summary judgment, along with a Rule 56(f) motion for continuance,[3] wherein they asserted that they had retained two experts in this case, but that they were not yet required to designate those experts under the Uniform Rules of Circuit and County Court.[4]  They further argued that Magnolia Regional's

---

[2] The Crutchfields note that this document was incorrectly file-stamped as January 7, 2014.

[3] Rule 56(f) of the Mississippi Rules of Civil Procedure provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

[4] Of note is the fact that this motion included an affidavit from the Crutchfields' counsel, but not one from either of the purported experts that the Crutchfields had allegedly retained.

motion was "premature," because "additional discovery" was needed "to fully develop the facts so that the [Crutchfields'] retained experts may render complete opinions with regard to [Magnolia Regional's] breaches in the minimum standards of care and how those breaches caused the [Crutchfields'] injuries." However, the Crutchfields failed to specify the required additional facts.

¶6.    The following day, on September 8, 2016, the trial court conducted a hearing on Magnolia Regional's motion for summary judgment. Counsel for the Crutchfields argued that he had secured two experts who would testify "that there were clear breaches in the minimum standard of care in this case and that those breaches caused [Delton] injuries." When asked why those experts had not been designated, the Crutchfields' counsel replied, "Rule 4.04 requires me to do it [sixty] days before trial. . . . I don't mind giving it to them, but just would like to finish the discovery in this case. There are subpoenas to the North Mississippi Medical Center for a medical chart that my expert needs to review." Counsel for the Crutchfields contended that there had been a "little hiccup" in retaining experts, and that he had abandoned his initially retained expert in favor of a different one "roughly a couple years later or so after filing the case." Counsel also stated that he had additionally retained a nursing expert, who he initially obtained "a couple years" ago. The court then asked if counsel for the Crutchfields had considered bringing his experts to testify at the motion hearing, to which he replied, "I thought about it, Your Honor, and I thought about getting an affidavit. But 4.04 says that I don't have to designate my experts until 60 days before trial." Counsel then argued that "the case just hadn't been ready to try," due to the fact that Delton's

4

damages were continuing to accrue up until his death about forty-five days prior to the hearing.

¶7. Shortly thereafter, the court rejected the Crutchfields' argument, stating:

> I'm going to grant defendant's motion for summary judgment for failure to timely designate an expert setting forth the requirements that the plaintiff must have to go forward on his case and in not answering discovery in this case.
>
> This case is going on four, or more, years old and to not even designate an expert at this time and giving it to the defense, I find is untimely, and summary judgment will be granted.

The circuit court entered summary judgment on October 3, 2016, "after having duly considered [Magnolia Regional's motion for summary judgment], [the Crutchfields'] MRCP 56(f) response, and arguments of counsel at a motion hearing conducted on September 8, 2016."

¶8. The Crutchfields subsequently filed a motion to alter or amend the judgment pursuant to Rule 59 of the Mississippi Rules of Civil Procedure, wherein they offered an explanation as to why they had failed to designate an expert: They contended that, sometime in 2015, they discovered that Dr. Vinger was no longer practicing in a hospital setting. Concerned that this fact might compromise his value as an expert witness, they retained a new expert, Dr. Timothy R. Klein. The Crutchfields maintained that Dr. Klein requested some additional medical records of Delton's that Dr. Vinger had not sought, which led to the subpoenas being issued to Baptist Memorial Hospital and North Mississippi Medical Center. The Crutchfields argued that these records were critical to Dr. Klein's expert opinion; however, they attached Dr. Klein's affidavit to their motion, wherein he opined—without the use of the still-pending

5

medical records—that Magnolia Regional had breached the applicable standard of care and was responsible for Delton's injuries.

¶9.     The trial court held another hearing regarding the Crutchfields' motion to alter or amend the judgment, during which counsel for the Crutchfields pleaded for a lesser sanction than complete dismissal.  The Crutchfields admitted that Dr. Klein was able to give an opinion that Magnolia Regional was negligent, even without the medical records from Baptist Union County Hospital and North Mississippi Medical Center.  The trial court again rejected the Crutchfields' argument and reaffirmed its grant of summary judgment.  The Crutchfields filed a timely notice of appeal.

## DISCUSSION

¶10.    "A trial court's grant of summary judgment is reviewed de novo." *Johnson v. Pace*, 122 So. 3d 66, 68 (¶7) (Miss. 2013) (citations omitted). Rule 56 of the Mississippi Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Miss. R. Civ. P. 56(c).  The Mississippi Supreme Court in *Johnson*, 122 So. 3d at 68 (¶8), succinctly states our well-settled law in the area of summary judgment as it pertains to medical-negligence claims:

> In a medical-malpractice action, the plaintiff carries the burden of proof at trial and, thus, the burden of production on summary judgment. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990).  A plaintiff in a medical-malpractice case has the burden of proving "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to

6

conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Hubbard v. Wansley*, 954 So. 2d 951, 956-957 (Miss. 2007) (citations omitted). Expert testimony establishing these elements generally is required for the nonmoving party to survive summary judgment. *Smith v. Gilmore Mem'l Hosp., Inc.*, 952 So. 2d 177, 180 (Miss. 2007) (citing *Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999). "Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992) (citing *Latham v. Hayes*, 495 So. 2d 453 (Miss. 1986)).

¶11. The Crutchfields maintain on appeal that the lower court erred in granting Magnolia Regional's motion for summary judgment because they "fulfilled [their] legal obligations in answering discovery and had no duty to designate [their] expert witness until sixty days before trial," according to Rule 4.04[5] of the Uniform Rules of Circuit and County Court. The Crutchfields further argue that the court failed to conduct the proper test "for granting sanctions as a punishment." Finally, the Crutchfields take issue with the fact that Magnolia Regional never sent a good faith letter complaining of an alleged discovery violation, nor did it file a motion to compel prior to filing its motion for summary judgment.

¶12. First, we address and reject the Crutchfields' contention that they were not required to designate their expert witnesses until sixty days prior to trial. The Mississippi Supreme Court addressed a factually similar matter in *Johnson*, 122 So. 3d at 68 (¶8). In *Johnson*, the Johnsons—husband and wife—filed a complaint against Dr. William Pace, alleging medical malpractice as a result of a surgical procedure that Dr. Pace had performed on Mrs. Johnson.

---

[5] UCRCCC Rule 4.04 was renumbered to UCRCCC Rule 4.03 after the Mississippi Supreme Court adopted the Mississippi Rules of Criminal Procedure, effective July 1, 2017. For clarity, we refer to the rule as Rule 4.04 throughout this opinion, as that was its numbering at the time the Crutchfields initially brought their suit.

*Id*. at 67 (¶¶1-2). Dr. Pace moved for summary judgment on the basis that the Johnsons had failed to produce any expert testimony to support their claim. *Id*. at 67 (¶3). The trial court granted summary judgment, and the Johnsons appealed, maintaining that the grant of summary judgment "was merely a 'Draconian method' to punish them for being uncooperative during discovery." *Id*. at 67 (¶4). Further, the Johnsons argued that they had not been required to produce an expert witness at the time that Dr. Pace filed his motion, citing Rule 4.04(A) of the Uniform Rules of Circuit and County Court, which provides, "Absent special circumstances the court will not allow the testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record *at least sixty days before trial*." *Id*. at 68-69 (¶9) (quoting URCCC 4.04(A)) (emphasis added). The Johnsons argued that, because no trial date had been set in their case, the sixty-day deadline for designating an expert never expired. *Id*. at 69 (¶9). The Mississippi Supreme Court rejected this contention, holding: "There is no authority for the Johnsons' proposition that a party need not produce an expert witness until [sixty days prior to trial]." *Id*. at 69 (¶11). The Court held that, as the Johnsons failed to present any medical-expert testimony establishing the elements of a medical-malpractice claim a year after filing their complaint, the trial court's grant of summary judgment was proper. *Id*. at 70 (¶12).

¶13. Here, like the Court in *Johnson*, we agree with the trial court's grant of summary judgment. In their complaint, the Crutchfields represented that they had consulted with an expert (Dr. Vinger), who informed them that they had a viable claim for medical negligence. Subsequently, both parties engaged in written discovery. The Crutchfields explicitly stated

8

that they would designate their expert witnesses at a later point in time. At some point over the course of discovery, the Crutchfields abandoned Dr. Vinger and retained Dr. Klein. During the summary judgment hearing, the Crutchfields maintained that they had not one, but two expert witnesses who had agreed to testify that Magnolia Regional had breached "the minimum standard of care in this case and that those breaches caused [Delton] injuries." The Crutchfields argued that a grant of summary judgment would be premature, because additional discovery was necessary; however, during the hearing, counsel for the Crutchfields only referenced one medical chart from the North Mississippi Medical Center needing to be reviewed. Further, despite their contentions that this additional discovery was necessary, the Crutchfields attached Dr. Klein's affidavit to their Rule 59 motion to alter or amend the judgment, wherein he opined that Magnolia Regional had breached the applicable standard of care and was responsible for Delton's injuries, even without the allegedly necessary discovery.

¶14.   Our rules of civil procedure mandate that "[a] party is under a duty seasonably to supplement that party's response with respect to any question directly addressed to . . . the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the testimony." Miss. R. Civ. P. 26(f)(1). However, over the course of three and a half years, the Crutchfields never provided this information to Magnolia Regional, effectively precluding Magnolia Regional from formulating its defense. We know of no rule stating that an expert does *not* have to be designated until sixty days before trial, and Rule 4.04 only provides that an expert *must*, at

9

the very least, be designated by that point. We therefore find this issue without merit.

¶15.    We decline to address the Crutchfields' remaining two issues—that the court failed to conduct the proper test for granting sanctions as a punishment and that Magnolia Regional never sent a good faith letter or filed a motion to compel prior to filing its motion for summary judgment—because both issues are contingent upon a finding that the sole reason for the trial court's grant of summary judgment and the dismissal of the Crutchfields' complaint was to punish the Crutchfields for failing to make timely discovery. The Crutchfields attempt to frame the dismissal of their case as a "Draconian method" of sanction for a discovery violation rather than a proper grant of summary judgment. More specifically, the Crutchfields rely on the trial court's statement that it was dismissing for failure to designate an expert witness and for failure to answer discovery to argue that its dismissal was a sanction. However, we find no merit to this position. Magnolia Regional never sought dismissal on the basis of a discovery violation.

¶16.    As noted, the circuit judge stated at the hearing on Magnolia Regional's motion for summary judgment that he was granting summary judgment because of the Crutchfields' failure to timely designate an expert and in not answering discovery. However, the court's statement must be considered in full context on that point. The trial judge's exact quote was: "I'm going to grant defendant's motion for summary judgment for failure to timely designate an expert *setting forth the requirements that the plaintiff must have to go forward on his case* and in not answering discovery in this case." (Emphasis added). We do not interpret the trial judge's statement to mean that the sole reason he was granting summary judgment was the

10

Crutchfields' failure to timely make discovery. Rather, the trial judge was highlighting that because of the Crutchfields' failure, they could not meet their burden of proof. Also, in its order granting summary judgment, the trial court stated that Magnolia Regional's motion for summary judgment "should be granted for the reasons set forth in said [m]otion and at the September 8, 2016 oral argument." In Magnolia Regional's motion, it argued, among other things, that

> [p]laintiff has failed to identify any expert who can (1) enunciate the standard of care applicable to Magnolia Regional, (2) opine as to any breach of the standard of care applicable to Magnolia Regional, (3) causally link any alleged breach by Magnolia Regional to damages sustained by Plaintiff. In the absence of such requisite proof, summary judgment is mandated.

¶17. Our caselaw clearly dictates that in matters involving medical negligence, expert testimony is necessary to establish the proper standard of care. *See Brooks v. Roberts*, 882 So. 2d 229, 232 (¶10) (Miss. 2004) ("[I]t is our general rule that in a medical malpractice action[,] negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.") (citing *Sheffield v. Goodwin*, 740 So. 2d 854, 858 (Miss. 1999)). As previously stated, the Crutchfields never designated an expert prior to the summary judgment hearing, and only provided Dr. Klein's affidavit as part of their motion to alter or amend the court's grant of summary judgment. They failed to satisfy their burden of proving the necessary components of a claim sufficient to survive summary judgment.

¶18. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.**