# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00494-COA

GREGORY MIXON                                                                                  APPELLANT

v.

DR. MICHAEL A. BERRY                                                                          APPELLEE

DATE OF JUDGMENT:              04/06/2021
TRIAL JUDGE:                          HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:  LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      SCHERRIE LONNETTE PRINCE
ATTORNEYS FOR APPELLEE:      TOMMIE GREGORY WILLIAMS JR.
                                          HARRIS FREDERICK POWERS III
NATURE OF THE CASE:            CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                        AFFIRMED - 11/29/2022
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Gregory Mixon sued Dr. Michael Berry for medical negligence, contending that he suffered injuries resulting from a medical procedure performed by Dr. Berry. Dr. Berry moved for summary judgment on the ground that Mixon lacked sufficient expert testimony to show a genuine issue of material fact. Mixon filed a response in opposition arguing that genuine issues of material fact existed as to whether Dr. Berry acted negligently. The day before the summary-judgment hearing was scheduled to occur, Mixon filed an expert designation containing the identification of his expert witness and a summary of the expert witness's expected testimony. The Lowndes County Circuit Court granted summary judgment in Dr. Berry's favor because Mixon failed to provide an expert affidavit or sworn

expert testimony in opposition of summary judgment as required to support his medical negligence claim. Mixon filed a motion for reconsideration, which the trial court denied. Aggrieved, Mixon appeals the grant of summary judgment and denial of his motion for reconsideration. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    On February 2, 2018, Mixon underwent a medical procedure at Baptist Memorial Hospital-Golden Triangle performed by Dr. Berry. On January 31, 2020, Mixon filed his complaint against Dr. Berry and Baptist Memorial Healthcare Corporation[1] for medical negligence arising out of the February 2018 procedure. On April 23, 2020, Dr. Berry filed his answer and defenses, interrogatories, and request for production of documents. Mixon responded on July 13, 2020, and "object[ed] to Interrogatory No. 1," regarding the identification of expert witnesses, "as beyond the scope of permissible expert discovery." Mixon further stated that he "has made no decision regarding trial experts in this case at this time."

¶3.    On November 16, 2020, Dr. Berry moved for summary judgment and dismissal of Mixon's claims with prejudice. Dr. Berry argued he was entitled to summary judgment because the record lacked medical expert testimony supporting Mixon's claim and did not create a genuine issue of material fact. Following Dr. Berry's motion for summary judgment,

---

[1] Baptist Memorial Healthcare Corporation d/b/a Baptist Memorial Hospital-Golden Triangle was dismissed from Mixon's medical-malpractice action with prejudice by stipulation of the parties on November 13, 2020, and is not a party to this appeal.

Mixon filed a motion on January 19, 2021, requesting a trial setting. Mixon also filed his response in opposition to summary judgment on January 19, 2021. Mixon argued Dr. Berry was unable to prove his position beyond a reasonable doubt, genuine issues of material fact existed as to whether Dr. Berry acted negligently, and Mixon was more than capable of meeting the requisite burden of proof at trial. A hearing on Dr. Berry's motion for summary judgment was scheduled for March 31, 2021.

¶4.     On March 30, 2021, the day prior to the summary-judgment hearing, Mixon filed his expert designation identifying the expert witness Mixon planned to call at trial and summarizing the expert witness's expected testimony. The summary-judgment hearing occurred as scheduled, and the trial court subsequently entered its order on April 6, 2021, granting summary judgment in favor of Dr. Berry based upon Mixon's lack of expert opinions. The court found that the medical techniques, procedures, and standard of care for Mixon's treatment were not within the common knowledge of laypersons; that Mixon's expert designation was insufficient because it did not include an affidavit; and that Mixon failed to produce expert testimony on each element of medical negligence. The trial court determined that without an expert witness to testify against Dr. Berry, Mixon failed to produce competent evidence in opposition to summary judgment on his medical negligence claim. Mixon filed a motion to reconsider on April 16, 2021, which the trial court denied on April 22, 2021. Thereafter, Mixon filed a timely notice of appeal.

**STANDARD OF REVIEW**

3

¶5.    "This Court applies de novo review to the circuit court's grant of summary judgment." *Handy v. Madison Cnty. Nursing Home*, 192 So. 3d 1005, 1009 (¶14) (Miss. 2016). "[T]he [trial] court's decision is reversed only if it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party." *Slatery v. Ne. Miss. Cont. Procurement Inc.*, 747 So. 2d 257, 259 (¶4) (Miss. 1999).

## DISCUSSION

¶6.    Mixon asserts that the trial court erred when it granted summary judgment in favor of Dr. Berry and denied Mixon's motion for reconsideration. Mixon argues that his failure to identify an expert and provide an expert affidavit was merely a discovery violation. According to Mixon, the trial court abused its discretion when it denied Mixon a continuance under Mississippi Rule of Civil Procedure 56(f) to allow him more time to produce an expert affidavit in order to fully comply with discovery. Mixon alleges that the trial court failed to engage in the proper analysis for determining whether dismissal due to discovery violations is appropriate, and that the court erred when it imposed dismissal of his claims as a sanction for his failure to comply with discovery.

### I.    Summary-Judgment Standard

¶7.    Summary judgment is governed by Mississippi Rule of Civil Procedure 56. Rule 56(b) provides, "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor . . . ." Pursuant to Rule 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to

4

interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court previously explained, "A 'genuine dispute' over a 'material fact' exists when the evidence is such that a 'reasonable jury could return a verdict for the nonmovant.'" *Frazier v. McDonald's Rests. of Miss. Inc.*, 102 So. 3d 341, 345 (¶21) (Miss. Ct. App. 2012) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)).

¶8.     On a summary-judgment motion, "[t]he moving party bears the burden of persuasion to establish that there is no genuine issue of material fact," *Rainer v. River Oaks Hosp. LLC*, 282 So. 3d 751, 754 (¶12) (Miss. Ct. App. 2019), "and that they are entitled to summary judgment based upon the established facts[.]" *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 89 (¶13) (Miss. 2013). Once the defendant has met its summary-judgment burden, the burden of proof shifts to the plaintiff in opposition of the motion. *Rainer*, 282 So. 3d at 755 (¶17). "To withstand summary judgment, the party opposing the motion must present sufficient proof to establish each element of each claim." *Whiting v. Univ. of S. Miss.*, 62 So. 3d 907, 914 (¶9) (Miss. 2011) (*overruled on other grounds by Springer v. Ausbern Constr. Co.*, 231 So. 3d 980 (Miss. 2017)).[2] "[Rule] 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

---

[2] "In a medical-malpractice action, the plaintiff carries . . . the burden of production on summary judgment." *Johnson v. Pace*, 122 So. 3d 66, 68 (¶8) (Miss. 2013).

proof at trial." *Frazier*, 102 So. 3d at 345 (¶27).

## II.     Summary Judgment Respective to Medical-Malpractice Claims

¶9.     The dispositive factor in this case is the nature of Mixon's medical-malpractice action for medical negligence. To establish a prima facie case for a medical-malpractice action on a summary-judgment motion, "the plaintiff must prove a duty to conform to a specific standard of conduct, a failure to conform to that standard, and an injury proximately caused by the breach of duty." *Jackson HMA LLC v. Harris*, 242 So. 3d 1, 4 (¶6) (Miss. 2018). The plaintiff is required "to produce sworn expert testimony supporting his or her claim in order to establish a prima facie case of malpractice." *Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 433 (¶17) (Miss. Ct. App. 2008).[3] More specifically, our caselaw holds that as a general rule, "medical negligence may be established *only* by expert medical testimony[.]" *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 650 (¶15) (Miss. 2009) (emphasis added).[4] "Precedents in Mississippi have clearly established that medical expert witness testimony is necessary to support a claim of medical negligence." *Berry v. Holbrook*, 331 So. 3d 47, 50 (¶4) (Miss. Ct. App. 2021). "Without expert testimony establishing a prima facie case of

---

[3] "When proving these elements in a medical malpractice suit, expert testimony must be used." *Handy*, 192 So. 3d at 1009 (¶15). "Expert testimony establishing these elements generally is required for the nonmoving party to survive summary judgment." *Crutchfield v. Magnolia Reg'l Health Ctr.*, 249 So. 3d 445, 449 (¶10) (Miss. Ct. App. 2018).

[4] "It is our general rule that in a medical-malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care." *Johnson*, 122 So. 3d at 69 (¶11) (quoting *Brooks v. Roberts*, 882 So. 2d 229, 232 (¶10) (Miss. 2004)).

medical negligence, no genuine issue of material fact exists[,]" *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1175 (¶16) (Miss. 2014), and the "plaintiff cannot meet [his] burden of proof" in opposing the summary-judgment motion. *Rainer*, 282 So. 3d at 756 (¶17). Therefore, "when a plaintiff fails to provide expert testimony establishing a prima facie case of medical malpractice, generally, a grant of summary judgment is required." *Id.* at 755 (¶15).[5]

¶10.    When Dr. Berry filed his motion for summary judgment, he sought to have the court dismiss Mixon's case pursuant to Rule 56(b) on the ground that no genuine issue of material fact existed because Mixon lacked the requisite expert testimony for a medical negligence claim. Dr. Berry alleged that Mixon's claim was not supported by medical expert testimony in the record establishing Dr. Berry's applicable duty of care, a breach of duty, or injuries proximately caused by a breach. Dr. Berry's motion contended that, as a matter of law, he was entitled to summary judgment because Mixon was unable to prove the essential elements of his medical negligence claim due to the absence of expert testimony.

¶11.    This Court has stated that "[a] defendant in a medical malpractice action may meet its summary judgment burden by pointing out to the court that the plaintiff has failed to

---

[5] *See also Jackson HMA*, 242 So. 3d at 4 (¶6) ("Where a plaintiff fails to present expert testimony as to the applicable standard of care, breach thereof, and proximate causation, summary judgment is mandated."); *see also Vicksburg Healthcare*, 152 So. 3d at 1174 (¶12) ("[S]ummary judgment is mandated where the respondent has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

produce sworn expert testimony supporting his or her allegations." *Rainer*, 282 So. 3d at 755 (¶16).[6] We find that Dr. Berry's pointing to Mixon's lack of expert testimony on the record to support his medical negligence claim was sufficient and that Dr. Berry met his summary-judgment burden. *Id*. Once Dr. Berry met his summary-judgment burden, "the burden shifted to [Mixon] to produce expert testimony on each element of medical negligence." *Handy*, 192 So. 3d at 1009-10 (¶16).

¶12.    Mixon initially filed a response in opposition to Dr. Berry's motion for summary judgment wherein Mixon denied allegations that he failed to state a claim for which relief can be granted; contended that his claim was not deficient as to the identification of an expert witness because the parties had not entered into a scheduling order; and asserted that Dr. Berry was unable to prove beyond a reasonable doubt that he was entitled to summary judgment. Mixon also argued that "[m]ultiple genuine issues of material fact exist in this case as to whether [Dr. Berry] committed acts of negligence," and that Mixon "is more than capable of meeting his requisite burden of proof at trial."

¶13.    Over two months after Mixon filed his response in opposition to summary judgment, and the day before the scheduled hearing for summary judgment, he filed his expert designation. The expert designation identified the name of Mixon's medical expert, Dr. Jay

---

[6] Specifically, "[a]s to issues on which the nonmovant bears the burden of proof at trial, the movant needs only to demonstrate an absence of evidence in the record to support an essential element of the movant's claim." 2 Jeffrey Jackson, Mary Miller & Donald Campbell, *Encyclopedia of Mississippi Law* §13:178 (3d ed. 2022) (citing *Fruchter v. Lynch Oil Co.*, 522 So. 2d 195 (Miss. 1988)).

8

A. Redan, and contained Mixon's statements as to Dr. Redan's expected testimony. As provided in the expert designation, Mixon stated that Dr. Redan was expected to testify regarding: (1) "the negligent attempt of a laparoscopic right inguinal hernia repair performed by [Dr. Berry] that left [Mixon] grossly disfigured"; (2) "the extent of said gross disfigurement"; (3) how "[Dr.] Berry, through his negligent attempt at laparoscopic right inguinal hernia repair, caused [Mixon] to suffer unnecessary pain and discomfort"; (4) "how the negligent attempt by [Dr. Berry] to perform a laparoscopic right inguinal hernia repair resulted in an emergency surgery performed on [Mixon] where he was found to have an injury"; and (5) "his opinion that the actions taken by [Dr. Berry] were done in negligence and gross disregard for [Mixon]." Mixon's expert designation was signed by his counsel but was not sworn by Dr. Redan.

¶14. At the trial court's hearing on summary judgment, Mixon's counsel argued that Mixon's "designation of an expert" was "sufficient . . . to minimally show the [c]ourt that there is an issue of material facts." His counsel further argued that the facts pled in Mixon's complaint and within Mixon's responses were sufficient to aid the trial court in determining that summary judgment was premature and inappropriate. Mixon's counsel requested that the trial court allow Mixon's medical negligence claim against Dr. Berry to continue forward by denying summary judgment, entering a scheduling order, and setting a trial date.

¶15. "[T]o withstand summary judgment, [Mixon] needed to produce evidence of significant and probative value tending to show that a genuine issue of material fact

9

existed[,]" which in this case "required a sworn affidavit of an expert witness attesting to the standard of care and that [Dr. Berry's] treatment of [Mixon] breached the standard of care." *Scales*, 988 So. 2d at 432 (¶14) (internal quotation marks omitted). The record is clear that Mixon did not submit any sworn expert testimony or affidavit from Dr. Redan or any other medical expert. Because Mixon did not produce any sworn expert testimony, he failed to establish the applicable standard of care, breach thereof, and proximate cause of the resulting injury as required to oppose summary judgment for medical negligence.

¶16.    Nevertheless, Mixon argues that his expert designation was sufficient to show a genuine issue of material fact to overcome summary judgment.[7] Our supreme court "has been clear that an unsworn expert designation, signed only by the attorney, as here, is not sufficient to withstand summary judgment." *Jackson HMA*, 242 So. 3d at 6 (¶9). Additionally, "[w]hen a party files [his] own sworn statement of what an expert witness will say, offered for its truth, the statement is hearsay and is incompetent to support or oppose summary judgment." *Handy*, 192 So. 3d at 1010 (¶16) (quoting *Ill. Central R.R. v. Jackson*, 179 So. 3d 1037, 1043 (¶13) (Miss. 2015)).

¶17.    In *Rainer*, "a day before the summary judgment hearing, Rainer filed and served her

---

[7] "While [Mixon] argues [he] retained a medical expert prior to filing suit and [he] responded to discovery requests identifying [his] expert and providing a summary of opinions, [Mixon] failed to produce any sworn expert testimony by affidavit or otherwise." *Rainer*, 282 So. 3d at 755-56 (¶17) (quoting *Miss. Baptist Med. Ctr. Inc. v. Phelps*, 254 So. 3d 843, 846 (¶11) (Miss. 2018)). Mixon's "listing [his] expert witnesses . . . without providing any sworn testimony of such witnesses was the 'fatal deficiency in [Mixon's] opposition to summary judgment.'" *Scales*, 988 So. 2d at 433 (¶18).

expert designation that listed Dr. Walcott as her medical expert and provided a summary of his opinions." *Rainer*, 282 So. 3d at 756 (¶18). This Court found that Rainer's expert designation was insufficient to overcome summary judgment. *Id*. Similarly, because the expert designation provided by Mixon was signed only by his attorney and contained hearsay as to what Mixon expected Dr. Redan's testimony to be, it was not competent evidence to oppose summary judgment.

¶18. Thus, we find that Mixon failed to produce sufficient competent evidence of sworn expert testimony to meet his burden and overcome summary judgment on his claim for medical negligence.

### III. Request for Continuance

¶19. Mixon argues that the trial court should have permitted his medical negligence claim to proceed and erred by failing to grant Mixon a continuance pursuant to Rule 56(f) to allow him to obtain an expert affidavit from Dr. Redan. "The decision to grant or deny a continuance is within the sound discretion of the trial court and will be reversed solely where the court abuses that discretion." *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶10) (Miss. 1999). The language of Rule 56(f) provides:

> (f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Pursuant to Rule 56(f), "the movant must file an affidavit in support of [his] motion seeking

11

a continuance to allow additional discovery"; however, a lack of an "affidavit is not fatal to a Rule 56(f) motion, if . . . the party opposing summary judgment had been diligent and has acted in good faith." *Rainer*, 282 So. 3d at 757 (¶21).

¶20. Here, Mixon did not file a Rule 56(f) motion for continuance prior to the hearing on Dr. Berry's motion for summary judgment. In fact, Mixon never raised a motion to the trial court requesting a continuance pursuant to Rule 56(f). "[A] question not raised in the trial court will not be considered on appeal." *City of Hattiesburg v. Precision Const. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016). This issue is without merit.

### IV. Motion for Reconsideration

¶21. Mixon also argues that the trial court erred by denying his motion for reconsideration of its order granting summary judgment. On "[a] motion to set aside or reconsider an order granting summary judgment[,] . . . [t]he movant has the burden to show '(i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.'" *Handy*, 192 So. 3d at 1011 (¶21) (quoting *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004)). Mixon argued that his expert designation was timely because the parties did not yet have a discovery deadline, and that Dr. Berry's summary-judgment motion was premature because his expert designation supplemented the information requested. However, Mixon did not claim an intervening change in law, availability of new evidence, or a need to correct a clear error. We cannot find that the trial court abused its discretion by denying Mixon's motion for

12

reconsideration. Furthermore, this Court has already determined that the trial court properly granted summary judgment in favor of Dr. Berry. *See id*. at 1012 (¶21).

¶22.    We decline to address Mixon's remaining issues as to whether his failure to provide an expert affidavit was merely a discovery violation, and whether the trial court applied an improper analysis for dismissal based upon a discovery violation. Each of these "issues are contingent upon a finding that the sole reason for the trial court's grant of summary judgment and the dismissal of [Mixon's] complaint was to punish [Mixon] for failing to make timely discovery" and provide an expert affidavit. *Crutchfield v. Magnolia Reg' Health Ctr.*, 249 So. 3d 445, 451 (¶15) (Miss. Ct. App. 2018). There is not sufficient proof in the record before us to support Mixon's argument attempting to characterize the trial court's dismissal as a sanction for a discovery violation.

## CONCLUSION

¶23.    Upon a thorough review of the record, we conclude that Mixon failed to produce any sworn expert testimony sufficient to support his medical negligence claim. The trial court correctly determined that Mixon did not show that a genuine issue of material fact existed and failed to meet his summary-judgment burden. As a result, we find that the trial court properly granted summary judgment in favor of Dr. Berry. Further, the trial court did not abuse its discretion when it denied Mixon's motion for reconsideration. We therefore affirm the trial court's judgment.

¶24.    **AFFIRMED.**

13

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**