# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00413-SCT

*TOMEKA HANDY, INDIVIDUALLY, AS*
*ADMINISTRATRIX FOR THE ESTATE OF*
*WILLIE HANDY, AND ON BEHALF OF THE*
*WRONGFUL DEATH BENEFICIARIES FOR*
*WILLIE HANDY*

*v.*

*MADISON COUNTY NURSING HOME*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEYS: | W. ERIC STRACENER, JR. |
| | WALTER ANDREW NEELY |
| | GEORGE CLANTON GUNN, IV |
| | W. DAVIS FRYE |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | W. ERIC STRACENER, JR. |
| | WALTER ANDREW NEELY |
| ATTORNEYS FOR APPELLEE: | GEORGE CLANTON GUNN, IV |
| | W. DAVIS FRYE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 06/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1. Tomeka Handy filed a complaint alleging medical negligence against Madison County

Nursing Home and Madison County, Mississippi. After the county was dismissed, the

nursing home filed a motion for summary judgment arguing that it was entitled to a judgment

as a matter of law because Handy had not designated an expert witness. Before the summary judgment hearing, Handy filed designations of two expert witnesses. The Circuit Court of Madison County granted the motion for summary judgment because Handy had failed to produce sworn expert testimony in opposition to the motion for summary judgment. Handy filed a motion for reconsideration along with expert witness affidavits, but the circuit court denied the motion for reconsideration.

¶2. Handy appeals. It is well established that, in a medical negligence case, a plaintiff cannot survive summary judgment without producing sworn expert testimony. *Johnson v. Pace*, 122 So. 3d 66, 68 (Miss. 2013). Handy argues that, in reality, the circuit court dismissed her case as a sanction for a discovery violation, and the harsh sanction of dismissal amounted to an abuse of discretion. Because the record establishes that Handy failed to meet her burden of production on summary judgment, and the circuit court did not abuse its discretion by denying Handy's motion for reconsideration, we affirm the judgment of the circuit court.

**FACTS**

¶3. Handy filed her complaint for wrongful death on October 4, 2012, individually and in her capacity as the administratrix of the estate of her mother, Willie Handy, who was a resident of the nursing home from August 25, 2008, through the date of her death on April 12, 2011. The suit was filed on behalf of all the decedent's wrongful death beneficiaries. Handy alleged that the defendants had breached the applicable standard of care by failing to prevent or detect a bowel obstruction, which proximately had caused Willie Handy's death

from the bowel obstruction and sepsis. She attached her notice of claim under the Mississippi Tort Claims Act. Also, Handy attached her counsel's certification that he had consulted an expert who was qualified "to give expert testimony as to the standard of care or negligence."

¶4.     The nursing home filed an answer on December 14, 2012. Also on December 14, 2012, the nursing home filed a notice of service of interrogatories propounded to Handy.[1] After filing its answer on January 31, 2013, Madison County was dismissed without prejudice by agreed order on March 19, 2013. An agreed scheduling order was entered on March 19, 2013, providing for Handy's experts to be designated on or before September 13, 2013; for the nursing home's experts to be designated on or before October 14, 2013; and for all discovery to be complete on or before January 10, 2014. On May 22, 2013, Handy served the nursing home with requests for production of documents and a first set of interrogatories. The nursing home served Handy with its discovery responses on September 6, 2013. On November 7, 2013, an amended agreed scheduling order was entered providing for Handy's experts to be designated on or before November 15, 2013; for the nursing home's experts to be designated on or before December 15, 2013; and for all discovery to be complete on or before February 10, 2014.

---

[1] A party may, through interrogatories, obtain discovery of the identity of any expert witness whom another party expects to call at trial and the subject matter on which the expert is expected to testify, along with "the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." M.R.C.P. 26 (b)(4)(A)(i). The nursing home served Handy with interrogatories on December 14, 2012, and Handy served the nursing home with her interrogatory responses on June 5, 2013. Because neither the interrogatories nor the interrogatory responses were included in the record, this Court is unable to know whether the nursing home requested discovery of expert witnesses.

¶5. On January 2, 2014, the nursing home noticed the depositions of Handy and her sister, Polly Ross, for January 28, 2014. On January 22, 2014, Clay Gunn, counsel for the nursing home, informed Eric Stracener, counsel for Handy, by email that the depositions would need to be postponed because Gunn would be out of town. The next day, the depositions of Handy and Ross were renoticed for February 4, 2014.

¶6. On January 27, 2014, the circuit court entered a third amended agreed scheduling order that further extended the discovery deadlines. This order provided that Handy would designate her experts on or before February 15, 2014, the nursing home would designate its experts on or before March 15, 2014, and all discovery would be completed on or before April 30, 2014. On February 4, 2014, the deposition of Handy took place as scheduled, but the deposition of Ross did not.

¶7. In an email on February 11, 2014, Stracener asked Gunn for a "VERY modest extension" of deadlines so that the expert witnesses could have the benefit of Handy's testimony. Gunn responded that "[w]e can agree to that extension with the understanding that we will have thirty days to provide our expert disclosures." On February 19, 2014, the nursing home renoticed the deposition of Ross to occur on February 26, 2014. This deposition took place as scheduled.

¶8. Further emails show that, on March 3, 2014, Gunn requested a settlement demand on behalf of the nursing home, and Stracener communicated Handy's settlement demand to Gunn. The same day, Stracener told Gunn that the expert designation of Handy's nursing expert, Eulanda Armstrong, would "be to you any day," and he requested dates for deposing

4

Handy's medical expert, Dr. Benjamin Hudson.

¶9.　On March 4, 2014, Stracener told Gunn that he wanted the experts to have the benefit of Ross's deposition. One month later, on April 4, 2014, Gunn asked for the status of the expert reports and stated "[w]e're going to have to push a bunch of other deadlines soon." Stracener responded that the experts would be designated "[n]ext week I'm sure." On April 16, 2014, Stracener asked Gunn about amending the scheduling order, and Gunn again asked Stracener the dates that the experts would be designated so he could use the dates to draft a new scheduling order. Stracener responded that experts would be designated "[a]ny day – I swear – I hope this week, or next."

¶10.　Then, on April 30, 2014, Gunn sent an email stating that his client would not agree to any further extensions. And, on May 6, 2014, the nursing home filed a motion for summary judgment, arguing that, because Handy had failed to designate any expert witnesses in support of her medical negligence claims, the nursing home was entitled to judgment as a matter of law under Mississippi Rule of Civil Procedure 56(c). Nothing occurred until May 20, 2014, when Handy filed a motion requesting an additional ten days to respond to the motion for summary judgment. Handy averred that Stracener had not received the motion for summary judgment until May 19, 2014, because Stracener's legal assistant was not listed in Mississippi Electronic Courts for Madison County. In a response opposing Handy's motion for an extension of time, the nursing home contended that, because Stracener was listed as having received the electronic notice of service, Handy had no justifiable excuse for a delay in responding to the summary judgment motion.

¶11.    Handy filed the expert designation of Armstrong, her nursing expert, on May 27, 2014, and the expert designation of Hudson, her medical expert, on June 6, 2014. These expert designations contained no affidavits or sworn testimony in any form by the experts and were signed by Stracener alone. In an email to Gunn on June 6, 2014, Stracener requested that the nursing home withdraw its motion for summary judgment on the ground that Handy had her designated experts, but the nursing home declined to withdraw the motion. On June 9, 2014, Handy filed a response to the motion for summary judgment. She contended that summary judgment should be denied because, although her expert designations had been delayed due to trial conflicts, her experts had been designated and the nursing home had suffered no prejudice. At no point in these proceedings did Handy seek a continuance under Mississippi Rule of Civil Procedure 56(f) to obtain affidavits.

¶12.    At the summary judgment hearing on June 23, 2014, the nursing home argued that Handy had submitted nothing in response to the motion for summary judgment to create a genuine issue of material fact. The circuit court granted summary judgment to the nursing home because Handy had filed no expert affidavits in opposition to the motion. Handy filed a motion for reconsideration on June 26, 2014, arguing that the nursing home had been cooperative during discovery and had acquiesced in the delayed expert designations. She pointed out that, on April 16, 2014, Gunn had agreed to draft an amended scheduling order and had asked Stracener for dates for the designation of experts. She complained that the nursing home abruptly refused to agree to any further extensions. Handy contended that, because she had designated expert witnesses, summary judgment was improper. Handy

6

attached email correspondence between Stracener and Gunn and the expert affidavit of Armstrong. On July 25, 2014, Handy supplemented the motion for reconsideration with Hudson's affidavit. The nursing home filed a response in opposition to the motion, and Handy filed a rebuttal.

¶13. In a carefully reasoned opinion,[2] the circuit court denied the motion for reconsideration. The circuit court wrote that, if the nonmoving party has the burden of proof at trial, once a motion for summary judgment has been filed, the burden shifts to the nonmoving party to present sufficient proof supporting each element of the claim. The circuit court recognized that this proof must be sworn and made upon personal knowledge, and the person giving the testimony must be competent to testify. The circuit court found that summary judgment was appropriately granted because Handy had failed to oppose the motion for summary judgment with competent evidence.

## DISCUSSION

WHETHER THE CIRCUIT COURT ERRED BY GRANTING THE NURSING HOME'S MOTION FOR SUMMARY JUDGMENT AND DENYING HANDY'S MOTION FOR RECONSIDERATION.

¶14. Under Mississippi Rule of Civil Procedure 56(c), the trial court should grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The

---

[2] No hearing occurred on the motion for reconsideration because, after the hearing was cancelled due to Handy's illness, the parties agreed to submit the matter to the circuit court for decision without a hearing.

7

moving party bears the burden of persuasion to establish that there is no genuine issue of material fact. *Stuckey v. The Provident Bank*, 912 So. 2d 859, 866 (Miss. 2005) (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)). The party with the burden of proof at trial bears the burden of production. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88-89 (Miss. 2013) (quoting *Daniels v. GNB, Inc.*, 629 So. 2d 595, 600 (Miss. 1993)). "[S]ummary judgment 'is appropriate when the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."'" *Karpinsky*, 109 So. 3d at 89 (quoting *Buckel v. Chaney*, 47 So. 3d 148, 153 (Miss. 2010) (citations omitted)). This Court applies *de novo* review to the circuit court's grant of summary judgment. *Hayne v. The Doctors Co.*, 145 So. 3d 1175, 1180 (Miss. 2014).

¶15. As the plaintiff in a medical negligence action, Handy had the burden to prove "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Hubbard v. Wansley*, 954 So. 2d 951, 956-57 (Miss. 2007) (citing *Drummond v. Buckley*, 627 So. 2d 264, 268 (Miss. 1993)). Expert testimony was necessary to prove these elements. *Hubbard*, 954 So. 2d at 957. "When proving these elements in a medical malpractice suit, expert testimony must be used. Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the

8

alleged injuries." ***Hubbard***, 954 So. 2d at 957 (quoting ***Barner v. Gorman***, 605 So. 2d 805, 809 (Miss. 1992)).

¶16.   When the nursing home moved for summary judgment on the ground that, due to Handy's lack of expert testimony, no genuine issue of material fact existed, the burden shifted to Handy to produce expert testimony on each element of medical negligence. But Handy provided no expert affidavits in opposition to summary judgment and submitted only the designations of her experts. This Court has held that "[o]ther than undenied allegations in the party's pleadings and Rule 36 admissions, all material submitted in opposition to summary judgment must be sworn." ***Ill. Central R.R. v. Jackson***, 179 So. 3d 1037, 1043 (Miss. 2015) (citing ***Magee v. Transcontinental Gas Pipe Corp.***, 551 So. 2d 182, 186 (Miss. 1989)). Materials such as depositions, answers to interrogatories, and affidavits "must be sworn, made upon personal knowledge, and show that the party giving them is competent to testify." ***Jackson***, 179 So. 2d at 1043 (citing ***Magee***, 551 So. 2d at 186); M.R.C.P. 56(e). "[W]hen a party files her own sworn statement of what an expert witness will say, offered for its truth, the statement is hearsay and is incompetent to support or oppose summary judgment." ***Jackson***, 179 So. 2d at 1043 (citing ***Walker v. Skiwski***, 529 So. 2d 184, 187 (Miss.1988); M.R.E. 801(c). Handy's expert designations were nothing but her own statements of what her expert witnesses would say, signed by Handy's counsel. These statements were not sworn by the experts. Therefore, Handy's submissions were not competent to oppose summary judgment. Because Handy failed to produce competent evidence in opposition to the motion for summary judgment, the circuit court correctly

9

granted summary judgment in favor of the nursing home.

¶17. Although Handy attempts to distinguish two cases cited by the nursing home in its summary judgment motion, we find that those cases provide her no assistance. In the medical malpractice case of *Johnson v. Pace*, 122 So. 3d 66, 67 (Miss. 2013), the defendant filed a motion for summary judgment on the ground that the plaintiffs had failed to produce expert testimony. In response, the plaintiffs averred that they had found an expert and requested additional time to supplement discovery responses. *Id.* The trial court granted summary judgment, finding that the plaintiffs had ample time to designate an expert. *Id.* This Court affirmed. *Id.* at 70. In *Davis v. Hindman*, 138 So. 3d 214, 219 (Miss. Ct. App. 2014), the Court of Appeals affirmed the entry of summary judgment for the defendant because the plaintiff never secured an expert witness and never submitted any expert designation. Handy argues that these cases are distinguishable because the plaintiffs in *Johnson* and *Hindman* never designated expert witnesses, while in this case, Handy did file expert designations. As already noted, because Handy failed to produce sworn expert testimony in response to the motion for summary judgment, she failed to carry her burden of production, and the nursing home was entitled to summary judgment. Simply put, Handy's unsworn expert designations were insufficient to withstand summary judgment.

¶18. Handy's other appellate arguments characterize the grant of summary judgment as a discovery sanction imposed for her late designation of experts. She argues that the circuit court erred by rejecting the late expert designations and imposing the ultimate discovery sanction of dismissal with prejudice. Handy also contends that the circuit court erroneously

imposed the sanction of dismissal without considering the factors listed in *Mississippi Power & Light v. Lumpkin*, 725 So. 2d 721, 734 (Miss. 1998). In *Lumpkin*, this Court stated that:

> We observed in *McCollum v. Franklin*, 608 So. 2d 692 (Miss. 1992) that excluding evidence for a transgression in discovery is an extreme measure. Before imposing such a sanction a trial court should consider the explanation for the transgression, the importance of the testimony, the need for time to prepare to meet the testimony and the possibility of a continuance. *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981). The first consideration involves a determination whether the failure was deliberate, seriously negligent or an excusable oversight. The second consideration involves an assessment of harm to the proponent of the testimony. The third and fourth considerations involve an assessment of the prejudice to the opponent of the evidence, the possibility of alternatives to cure that harm and the effect on the orderly proceedings of the court.

*Miss. Power & Light Co. v. Lumpkin*, 725 So. 2d 721, 733-34 (Miss. 1998). Handy argues that the trial court erred by dismissing the case because this Court has held that the sanction of dismissal for a discovery violation should be used as a last resort. *Robert v. Colson*, 729 So. 2d 1243, 1247 (Miss. 1999). Handy also makes arguments that she did not raise before the circuit court, including that the circuit court should not have dismissed her case because the nursing home had not filed a motion to compel discovery of the experts.

¶19.    This Court declines to accept Handy's characterization of the dismissal of her case as a discovery sanction. Clearly, the record reflects that the nursing home filed a motion for summary judgment under Rule 56(c), not a motion for discovery sanctions. And clearly, the trial court, after considering the motion for summary judgment under the appropriate standard, granted summary judgment to the nursing home because Handy had failed to meet her burden of production. Handy did fail to meet her burden of production, and the nursing home therefore was entitled to summary judgment. We observe that, if Handy had desired

11

additional time to produce evidence in opposition to summary judgment, she could have filed

a motion pursuant to Mississippi Rule of Civil Procedure 56(f), which provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

M.R.C.P. 56(f). As we previously noted, Handy never filed a Rule 56(f) motion.

¶20.    Handy also argues that the trial court erred by denying her motion for reconsideration.

In the motion for reconsideration, Handy attempted to cure the deficiency in her summary

judgment response by submitting sworn expert testimony. She submitted the affidavit of

Armstrong, dated June 25, 2014, and the affidavit of Hudson, dated July 17, 2014. Both

affidavits were dated after the grant of summary judgment.

¶21.    "[A] motion to set aside or reconsider an order granting summary judgment will be

treated as a motion under Rule 59(e)." *Brooks v. Roberts*, 882 So. 2d 229, 233 (Miss. 2004).

The movant has the burden to show "(i) an intervening change in controlling law, (ii)

availability of new evidence not previously available, or (iii) need to correct a clear error of

law or to prevent manifest injustice." *Id.* (citing *Bang v. Pittman*, 749 So. 2d 47, 52-53

(Miss. 1999), *overruled on other grounds by Cross Creek Prods. v. Scafidi*, 911 So. 2d 958,

960 (Miss. 2005)). Handy makes no claim of an intervening change in the law or that the

evidence she submitted with the motion for reconsideration was not previously available.

And Handy has failed to show that reconsideration was necessary to correct a clear error of

law. Moreover, as the Court already has determined, the trial court correctly granted

12

summary judgment to the nursing home.

¶22. Further, Handy has failed to show that reconsideration was necessary to prevent manifest injustice. This Court has held that "the unexcused failure to present evidence which is available at the time summary judgment is under consideration constitute[s] a valid basis for denying a motion to reconsider." *Fowler v. White*, 85 So. 3d 287, 292 (Miss. 2012). In *Fowler*, the defendants moved for summary judgment on the ground that Fowler had failed to serve pre-suit notice in a medical negligence case. *Id.* at 288. Fowler responded with an affidavit from his paralegal saying that he had mailed several notice letters to the defendants, but the affidavit did not specify that the paralegal had mailed the notice letter in Fowler's case. *Id.* at 289. After the trial court granted summary judgment to the defendant, Fowler filed a motion for reconsideration with a second affidavit from the paralegal clarifying that she had mailed the notice letter in Fowler's case. *Id.* at 290. The trial court denied the motion, and this Court affirmed, because the paralegal's affidavit was not newly discovered evidence, and its consideration would have allowed Fowler "a second bite at the apple." *Id.* at 292. Similarly, Handy has made no claim that the affidavits were newly discovered evidence. The circuit court did not abuse its discretion by refusing to accept affidavits on reconsideration that could and should have been submitted with the summary judgment response. The circuit court did not abuse its discretion by denying Handy's motion for reconsideration.

**CONCLUSION**

¶23. Because Handy's unsworn expert designations were insufficient to meet her burden

13

of production on summary judgment, the circuit court properly granted summary judgment in favor of the nursing home. Further, the circuit court's denial of Handy's motion for reconsideration was not an abuse of its discretion. Therefore, this Court affirms the judgment of the circuit court.

¶24.    **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.**