# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00267-COA

**ANNIS WILLIS RAINER**                                                              **APPELLANT**

**v.**

**RIVER OAKS HOSPITAL, LLC**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2017 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. EDWARD RAINER |
| ATTORNEYS FOR APPELLEE: | MARK P. CARAWAY |
| | KIMBERLY NELSON HOWLAND |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 08/13/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Annis Willis Rainer sued River Oaks Hospital for medical negligence, contending that she was injured from exposure to latex during radiological tests performed on her at River Oaks on December 22, 2011. River Oaks moved for summary judgment because Rainer failed to timely designate a medical expert to support her medical negligence claim. Rainer did not file any response to River Oaks's motion. The afternoon before the hearing, Rainer served her expert designation. Rainer moved for a continuance on the day of the hearing. The Rankin County Circuit Court denied Rainer's motion for a continuance and granted summary judgment in River Oaks's favor because Rainer did not furnish an affidavit or sworn expert testimony in opposition to River Oaks's motion in order to support her medical

negligence claim. Ten days after entry of the summary judgment, Rainer filed a motion for a new hearing or for reconsideration and attached to that motion the sworn affidavit of her medical expert. The trial court denied that motion. Rainer appeals. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. Rainer filed her complaint against River Oaks on December 20, 2013, claiming medical negligence and injury due to latex exposure she claims occurred on December 22, 2011, when she underwent radiological tests at River Oaks. About three weeks later, River Oaks served its first set of interrogatories on Rainer, including Interrogatory No. 1 that requested that Rainer (1) identify any person who would testify as a medical expert in support of her claim and (2) provide the subject matter about which the expert was expected to testify; the substance of facts and opinions about which the expert was expected to testify; and a summary of the grounds for each opinion.

¶3. On June 23, 2015, the Rankin County Circuit Clerk filed a notice to dismiss Rainer's suit for lack of prosecution. The next day Rainer filed an application seeking a denial of the clerk's notice to dismiss her action. A day later, the trial court issued an order entitled "Order Regarding Motion Hearings and Briefing" in which it explained "that after having previously experienced problems with parties either not filing, or not timely filing memorandum or briefs, the result of which adversely impacted the Court's docket, the parties should be required to timely file memorandum or briefs as ordered herein." The order

2

mandated compliance with the Uniform Rules of Circuit and County Court as to filing motions and briefs and specified that the parties were "required to file any affidavit supporting a motion with the motion and any opposing affidavit with the related reply or rebuttal."

¶4. On August 4, 2016, the circuit clerk filed a second notice to dismiss Rainer's lawsuit for lack of prosecution. Two weeks later Rainer filed an application seeking a denial of the clerk's notice to dismiss her action. This time, the trial court issued an order setting a discovery conference for October 31, 2016, or, alternatively, requiring the parties to submit an agreed scheduling order before that date.

¶5. The parties submitted an agreed scheduling order, and it was entered on October 7, 2016. The scheduling order required that Rainer designate her experts in accordance with Rule 26(b)(4) of the Mississippi Rules of Civil Procedure by March 1, 2017, and also provided that all discovery must be complete by June 30, 2017. All dispositive motions were required to be heard before July 31, 2017. The scheduling order further provided that "[r]elative to motions to dismiss and motions for summary judgment, the Court hereby orders that a reply and a rebuttal be filed."

¶6. Rainer did not designate any experts by the March 1, 2017 deadline.

¶7. On April 6, 2017, River Oaks filed a motion for summary judgment based upon Rainer's failure to designate a medical expert to support her medical negligence claim and noticed its motion for a May 1, 2017 hearing. The hearing was rescheduled for May 24,

2017, at the request of Rainer's counsel—forty-eight days after River Oaks filed and electronically served its summary judgment motion. The trial court also approved the parties' agreed order allowing Rainer until May 15, 2017, to file a response to River Oaks's summary judgment motion. That order specifically provided that "[Rainer] shall not seek to enlarge her time to respond to [River Oaks's] Motion for Summary Judgment beyond May 15, 2017."

¶8.     Rainer did not file a response to River Oaks's summary judgment motion by May 15, 2017, nor did Rainer ever file a response or any supporting expert affidavit before the May 24 hearing. On the afternoon before the May 24 hearing, Rainer served and filed her "Designation of Expert Witnesses," which designated Dr. Winn Walcott as her medical expert.

¶9.     On the day of the hearing, Rainer filed a motion for a continuance that provided that Rainer's counsel had been unable to obtain an affidavit from Rainer's medical expert but that

> the undersigned attorney was able to finally get in touch with the expert, Dr. Winn Walcott[,] and obtain[ed] a report from him which was immediately faxed to [River Oaks's counsel] during the afternoon of May 23, 2017; and[] that the undersigned attorney has not heard from [River Oaks's counsel] since talking to him in the afternoon of May 23, 2017 [about agreeing to a continuance].[1]

¶10.    There is no transcript in the record for the May 24, 2017 hearing on River Oaks's summary judgment motion and Rainer's motion for a continuance. The circuit clerk's cover

---

[1] Rainer's brief provides that on May 23, River Oaks's counsel told Rainer's counsel that he would need to get permission from his client regarding a continuance. At the hearing the next day, River Oaks's counsel told Rainer's counsel that his client would not consent to a continuance.

4

letter submitting the record indicates that there was not a court reporter present at that hearing. On June 2, 2017, the trial court entered its final judgment denying Rainer's "Motion to Continue" and granting summary judgment in River Oaks's favor. The court found that Rainer's "Motion to Continue filed on the date of the scheduled hearing is not well taken pursuant to Rule 56(f) of the Mississippi Rules of Civil Procedure;" and the court further found that "there is insufficient expert opinion evidence to create a jury issue on the questions of whether [River Oaks] negligently caused damage to [Rainer] as alleged."

¶11.   Rainer filed a motion for a new hearing or for reconsideration on June 12, 2017, attaching Dr. Walcott's sworn affidavit to that motion. The trial court entered its order denying Rainer's motion on January 18, 2018. Rainer appealed, asserting that the trial court erred in granting summary judgment in River Oaks's favor and dismissing her lawsuit with prejudice.

## STANDARD OF REVIEW

¶12.   As the Mississippi Supreme Court has set forth in *Handy v. Madison County Nursing Home*, 192 So. 3d 1005 (Miss. 2016), a party is entitled to summary judgment pursuant to Mississippi Rule of Civil Procedure 56(c) as follows:

> "[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The moving party bears the burden of persuasion to establish that there is no genuine issue of material fact. The party with the burden of proof at trial bears the burden of production. Summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to

5

the party's case, and on which that party will bear the burden of proof at trial. This Court applies de novo review to the circuit court's grant of summary judgment.

*Id.* at 1009 (¶14) (citations and internal quotation marks omitted).

## DISCUSSION

¶13.    Rainer asserts that the trial court erred in granting summary judgment in River Oaks's favor.  Rainer further asserts that the trial court erred when it did not allow her a Rule 56(f) continuance of the May 24 summary judgment hearing to allow her to obtain an affidavit from her medical expert, Dr. Walcott.  Rainer attached Walcott's affidavit to her motion for a rehearing or for reconsideration filed on June 12, 2017—two weeks after the summary judgment hearing.  Rainer asserts that the trial court also erred when it denied her motion for a rehearing or for reconsideration.  For the reasons addressed below, we find that Rainer's arguments are without merit, and we affirm the trial court's summary judgment entered in River Oaks's favor.

¶14.    To establish a prima facie case of medical negligence, the plaintiff must prove the following elements:

> (1) [T]he defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant's breach of duty was a proximate cause of the plaintiff's injury, and; (4) the plaintiff was injured as a result.

*Mid-S. Retina LLC v. Conner*, 72 So. 3d 1048, 1050-51 (¶8) (Miss. 2011).

¶15.    "Expert testimony is essential in medical malpractice cases because the expert

testimony demonstrates how the required standard of care was disregarded, and the testimony certifies that the defendant's failure was the proximate cause, or proximate contributing cause of the injury." *Miss. Baptist Med. Ctr. Inc. v. Phelps*, 254 So. 3d 843, 845 (¶7) (Miss. 2018) (internal quotation marks omitted). As the supreme court has recognized, "[w]hen a plaintiff fails to provide expert testimony establishing a prima facie case of medical malpractice, generally, a grant of summary judgment is required." *Id.*

## I.       The Summary Judgment Motion

¶16.    After Rainer's medical negligence lawsuit had been pending for over three years, and after the circuit clerk had twice moved to dismiss Rainer's lawsuit for failure to prosecute, River Oaks moved for summary judgment based upon Rainer's failure to identify an expert to testify about two required elements of her medical negligence claim: that River Oaks breached the applicable standard of care and that the alleged breach proximately caused Rainer's alleged damages. At this point, River Oaks met its summary judgment burden, as the Court explained in *Scales v. Lackey Memorial Hospital*, 988 So. 2d 426, 433 (¶17) (Miss. Ct. App. 2008), as follows: "[A] defendant in a medical malpractice action may meet its summary judgment burden by pointing out to the court that the plaintiff has failed to produce sworn expert testimony supporting his or her allegations."

¶17.    Once River Oaks met its summary judgment burden, the burden then shifted to Rainer "to come forth with sworn expert testimony," stating that River Oaks had breached the applicable standard of care, *id.* at 433 (¶18), as the supreme court explained in detail in

7

*Phelps*:

> [Plaintiff] had the burden to come forth with sworn expert testimony stating that her physicians had breached the applicable standard of care; she failed to meet this burden. While [plaintiff] argues she retained a medical expert prior to filing suit and she responded to discovery requests identifying her expert and providing a summary of opinions, she failed to produce any sworn expert testimony by affidavit or otherwise. . . . Without expert testimony establishing a prima facie case of medical malpractice, [plaintiff] cannot meet her burden of proof.

*Phelps*, 254 So. 3d at 846 (¶¶11-12); *see also Abdrabbo v. Johnson*, 220 So. 3d 952, 956-57 (¶¶29-30) (Miss. 2017) (reversing trial court's denial of defendants' summary judgment motion where the plaintiff failed to offer expert testimony sufficient to establish prima facie medical negligence claim and noting that plaintiff "had more than enough time and opportunity to engage in any discovery necessary to prosecute his claims"); *Handy*, 192 So. 3d at 1010 (¶16) (affirming summary judgment in nursing home's favor and finding that plaintiff's unsworn expert designations were not competent evidence to overcome summary judgment on plaintiff's medical negligence claim); *Walker v. Skiwski*, 529 So. 2d 184, 187 (Miss. 1988) (finding that listing expert witnesses in interrogatory responses without providing any sworn testimony from these experts was the "fatal deficiency in [the plaintiffs'] opposition to summary judgment"); *Scales*, 988 So. 2d at 433 (¶18) (finding that plaintiff's "unsworn answers to [defendant hospital's] expert interrogatories [in response to the hospital's summary judgment motion on her medical negligence claim] were not sufficient to create a genuine issue of material fact").

¶18.    In this case, we recognize that a day before the summary judgment hearing, Rainer

8

filed and served her expert designation that listed Dr. Walcott as her medical expert and provided a summary of his opinions.[2] Under the authorities discussed above, even if Rainer's expert designation had been attached to a timely filed opposition to River Oaks's motion, this action would not have been sufficient to overcome summary judgment in River Oaks's favor. We find no error in the trial court's decision to grant summary judgment in River Oaks's favor because Rainer failed to oppose River Oaks's motion with an affidavit or sworn expert testimony meeting the breach-of-the-applicable-standard-of-care and proximate cause elements of her medical negligence claim.

## II. The Motion for a Continuance

¶19. Rainer asserts that the trial court should have granted a continuance pursuant to Rule 56(f) of the Mississippi Rules of Civil Procedure to allow her to obtain an affidavit from Dr. Walcott. For the reasons addressed below, we find that the trial court did not abuse its discretion in denying Rainer's motion for a continuance.

¶20. Rule 56(f) provides as follows:

(f) When Affidavits Are Unavailable. Should it appear from the affidavits of

---

[2] Rainer also asserts in her appellant's brief that at the hearing the next day her counsel attempted to submit an unsworn letter report from Dr. Walcott, but the trial court would not accept it. As noted above, the record does not contain a transcript of the summary judgment hearing or any exhibits from that hearing and thus we do not consider this assertion. *Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 130 (¶6) (Miss. 2007) (recognizing that "we must confine our review to what appears in the record"). Even if we did consider it, it would not change our opinion because an unsworn letter report is not an affidavit or sworn expert testimony and would not suffice in meeting Rainer's burden of production in opposing River Oaks's summary judgment motion.

a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

As this Court has recognized, "[a] trial court has sound discretion to grant or deny a continuance under Rule 56(f). This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion." *Scales*, 988 So. 2d at 434 (¶19) (citations and internal quotation marks omitted). A party moving for a continuance under Rule 56(f) "must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (internal quotation marks omitted).

¶21. We first observe that the "motion to continue" that Rainer filed the day of the summary judgment hearing did not cite Rule 56(f), nor did it comply with the Rule's requirement that the movant must file an affidavit in support of her motion seeking a continuance to allow additional discovery. We further observe, however, that "the failure to file an affidavit is not fatal to a Rule 56(f) motion, if 'the court concludes that the party opposing summary judgment had been diligent and has acted in good faith.'" *Scales*, 988 So. 2d at 435 n.3 (quoting *Owens v. Thomae*, 759 So. 2d 1117, 1121-22 (¶17) (Miss. 1999)). As we found in *Scales*, we also find in this case that Rainer did not act with diligence and we therefore find no abuse of discretion in the trial court's refusal to continue the hearing and

10

allow Rainer additional time to obtain Dr. Walcott's affidavit.

¶22. In *Scales*, 988 So. 2d at 435 (¶20), "[a]lmost three years elapsed between the time [the plaintiff] filed her complaint and the . . . hearing . . . on [the defendant hospital's] motion for summary judgment, and two years elapsed from the time [the defendant hospital] served its [discovery] . . . [and when it] filed its motion for summary judgment." Additionally, "four months elapsed between the time the summary judgment motion was filed and the time the hearing on the motion was held . . . ." *Id.* Under these circumstances we found that the plaintiff had "ample time in which to produce sworn expert testimony supporting her malpractice allegations." *Id.*

¶23. Rainer's case presents even more factors that support the trial court's decision to deny Rainer's motion for a continuance. Rainer filed her complaint nearly three and one-half years before the May 24, 2017 hearing on River Oaks's summary judgment motion. During this time period the circuit clerk twice moved to dismiss Rainer's lawsuit for want of prosecution. Over three years elapsed between the time River Oaks served its interrogatories on Rainer (including an interrogatory seeking Rainer's expert information pursuant to Rule 26(b)(4) of the Mississippi Rules of Civil Procedure) and River Oaks filed its summary judgment motion in April 2017. Rainer finally filed her expert designation on the day before the May 24, 2017 summary judgment hearing.

¶24. Further, in June 2015 the trial court issued its "Order Regarding Motions Hearings and Briefs" in which it specifically ordered "that the parties shall be and hereby [are] required to

11

file any affidavit supporting a motion with the motion and *any opposing affidavit with the related reply or rebuttal*." (Emphasis added). River Oaks filed its summary judgment motion on April 6, 2017, and the hearing date was rescheduled for May 24, 2017, at the request of Rainer's counsel—forty-eight days after River Oaks filed and electronically served its summary judgment motion. Rainer obtained an extension until May 15, 2017, to file her response to River Oaks's summary judgment motion. Nevertheless, Rainer did not file a response to River Oaks's summary judgment motion or timely file a supporting affidavit from Dr. Walcott.

¶25. In short, Rainer had "ample time in which to produce sworn expert testimony supporting her [medical negligence] allegations," *Scales*, 988 So. 2d at 435 (¶20), on or before the May 24, 2017 hearing. Indeed, our review of Rainer's motion for a continuance reveals that it does not provide any reason at all why her counsel could not obtain Dr. Walcott's affidavit in a timely manner. Rainer does not, for example, contend that River Oaks possessed information that she needed to oppose its summary judgment motion, a situation that may warrant a Rule 56(f) continuance. *See id.* at 435 (¶21); *see also Marx v. Truck Renting & Leasing Ass'n*, 520 So. 2d 1333, 1343-44 (Miss. 1987) (observing that a Rule 56(f) continuance may be justified "where the party seeking to invoke the protections of Rule 56(f) claims the necessary information rests within the possession of the party seeking summary judgment"), *overruled on other grounds by Commonwealth Brands Inc. v. Morgan*, 110 So. 3d 752, 763 (¶28) (Miss. 2013). Rainer's motion for a continuance,

12

instead, simply provides that her counsel "was able to finally get in touch with the expert, Dr. Winn Walcott, and obtained [an unsworn] report from him which was immediately faxed to [River Oaks's counsel]" the afternoon before the hearing—but this does not explain why Rainer's counsel could not get this information sooner or why he did not obtain a sworn affidavit by that time.

¶26.    As this Court has recognized, "a plaintiff in a medical malpractice action knows 'from the very moment the suit [is] filed . . . that an expert witness [will] be needed to survive summary judgment.'" *Scales*, 988 So. 2d at 436 (¶23) (quoting *Brooks v. Roberts*, 882 So. 2d 229, 232 (¶10) (Miss. 2004)).  We found in *Scales* that the plaintiff "knew from the time she filed her complaint that expert testimony would be necessary to withstand a summary judgment by [the defendant hospital], and we find no abuse of discretion in the trial court's refusal to allow additional time for discovery prior to ruling on [defendant hospital's] motion for summary judgment."  *Id.*   We find that the same analysis applies in this case.

¶27.    In short, Rainer failed to present any reason that justified a Rule 56(f) continuance—particularly in this case where Rainer alleges that the injuries she suffered in 2011 were due to latex exposure, and Dr. Walcott had been Rainer's treating physician for her latex sensitivity since 2006.  Just like the plaintiff in *Scales*, Rainer knew "from the time she filed her complaint that expert testimony would be necessary to withstand a summary judgment by [River Oaks]."  *Scales*, 988 So. 2d at 436 (¶23).  We find that the trial court was well within its discretion in denying Rainer additional time to obtain Dr. Walcott's affidavit

13

before ruling on River Oaks's motion for summary judgment.

### III.    The Motion for a New Hearing or for Reconsideration

¶28.    Rainer obtained a sworn affidavit from Dr. Walcott on June 7, 2017, in which Dr. Walcott stated that in his opinion, to a reasonable degree of medical certainty, the acts of River Oaks's employees as alleged in the complaint "violated the standard of care and duty owed to . . . Rainer by the hospital and resulted in injury to her."  On June 12 Rainer moved for a new hearing or for reconsideration regarding River Oaks's summary judgment motion and attached Dr. Walcott's affidavit to that motion.  Rainer asserts that the trial court erred in denying her motion for a new hearing or for reconsideration under these circumstances. We disagree and find no abuse of discretion in the trial court's denial of that motion for the reasons addressed below.

¶29.    As the supreme court has explained, "[a] motion to set aside or reconsider an order granting summary judgment will be treated as a motion under Rule 59(e)." *Handy*, 192 So. 3d at 1011 (¶21) (internal quotation mark omitted).  Rainer, as the movant, "has the burden to show "(i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Id.*  "A trial court's denial of a motion for reconsideration is reviewed for abuse of discretion." *Point S. Land Tr. v. Gutierrez*, 997 So. 2d 967, 975 (¶19) (Miss. Ct. App. 2008).

¶30.    In determining that the trial court did not abuse its discretion in denying Rainer's

motion for a new hearing or reconsideration, we find *Handy* instructive. In *Handy*, 192 So. 3d at 1006 (¶1), the plaintiff sued Madison County Nursing Home for medical negligence. When the plaintiff failed to timely designate any experts to support her medical negligence claim, the defendant moved for summary judgment. *Id.* The trial court granted summary judgment because the plaintiff failed to submit any expert affidavits in opposition to the defendant's motion. *Id.* at 1008 (¶12). Three days later the plaintiff moved for reconsideration and attached to that motion an expert affidavit to support her medical negligence claim. *Id.* The plaintiff later supplemented her motion with an additional expert's affidavit. *Id.*

¶31. The trial court denied the plaintiff's motion for reconsideration, *id.* at 1008-09 (¶13), and the supreme court affirmed, recognizing that "the *unexcused* failure to present evidence[,] which is available at the time summary judgment is under consideration[,] constitutes a valid basis for denying a motion to reconsider." *Id.* at 1012 (¶22). In Handy's case, the supreme court found that the trial court "did not abuse its discretion by refusing to accept affidavits on reconsideration that could and should have been submitted with the summary judgment response." *Id.* at 1011-12 (¶¶20-23). The supreme court held:

> Because Handy's unsworn expert designations were insufficient to meet her burden of production on summary judgment, the circuit court properly granted summary judgment in favor of the nursing home. Further, the circuit court's denial of Handy's motion for reconsideration was not an abuse of its discretion. Therefore, this Court affirms the judgment of the circuit court.

*Id.* at 1012 (¶23).

15

¶32. We make the same determination here. Rainer makes no claim of an intervening change in the law; she has offered no viable reason why Dr. Walcott's affidavit was not previously available; and she has offered no basis supporting a determination that reconsideration was necessary to correct a clear error of law or to prevent manifest injustice. As such, we find no abuse of discretion in the trial court's denial of Rainer's motion for a new hearing or for reconsideration.

¶33. In sum, we find that the trial court properly granted summary judgment because neither Rainer's untimely and unsworn expert report, nor her expert designation, were sufficient to meet her burden of production in opposing River Oaks's motion, and the trial court did not abuse its discretion in denying Rainer's request for a continuance. Further, we find that the trial court was well within its discretion in denying Rainer's motion for a new hearing or for reconsideration. We therefore affirm the trial court's judgment.

¶34. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**