# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01100-COA

ALISA RUTLAND                                                      APPELLANT

v.

JAMES BURROUGHS, FACTORY CERTIFIED          APPELLEES
MOBILE HOMES, LLC, B&C MOBILE HOMES,
LLC, DARRELL SPRINGER AND SPRINGER
TRUCKING, LLC

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2020 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | GREGORY MALTA JARED FRANK EVANS |
| ATTORNEYS FOR APPELLEES: | JOHN STEPHEN GRAHAM BENJAMIN BLUE MORGAN WILLIAM MATTHEW VINES REEVE G. JACOBUS JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 02/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Alisa Rutland filed a malicious prosecution lawsuit against the defendants. Two years later, her attorney moved to withdraw from the case because he and Rutland had a difference of opinion as to how to proceed. Six months later, the circuit judge entered an order allowing the attorney to withdraw and granting Rutland "60 days to retain new counsel or proceed pro se." During that 60-day period, the defendants filed a motion for summary judgment.

During the same 60-day period, Rutland did not retain new counsel, nor did she respond to the defendants' motion. Rather, she only sent a letter to the circuit judge asking for more time to hire a new lawyer. After the 60-day period had expired, the circuit judge granted the defendants' motion for summary judgment and denied Rutland's request for additional time. Rutland then retained new counsel and filed a combined motion for reconsideration and opposition to the defendants' motion for summary judgment. The circuit judge denied Rutland's motion, and Rutland filed a notice of appeal.

¶2. On appeal, Rutland raises two issues. First, she argues that the defendants' motion for summary judgment was procedurally "improper" because it was filed during a "stay on the proceedings." Second, she argues that the circuit judge should have granted her motion for reconsideration because the judge's prior order granting summary judgment was "an extreme and harsh sanction"—a "de facto default judgment/involuntary dismissal, . . . dressed up as a grant of a [m]otion for [s]ummary [j]udgment." However, the proceedings were never "stayed," and there was nothing "improper" about the defendants' motion for summary judgment. Furthermore, the circuit judge granted summary judgment because the defendants' motion was properly supported and no response was filed—not as a "sanction." Therefore, we affirm the judgment of the circuit court.

**FACTS AND PROCEDURAL HISTORY**

¶3. In 2010, the defendants[1] informed the district attorney for Jones County that they had provided Rutland with funds to purchase five mobile homes on their behalf and that Rutland

---

[1] The defendants are James Burroughs, Factory Certified Mobile Homes LLC, B&C Mobile Homes LLC, Darrell Springer, and Springer Trucking LLC.

2

had not provided the mobile homes and refused to return their money. The district attorney's office investigated the defendants' allegations, and in February 2011, a Jones County grand jury indicted Rutland for five counts of false pretenses. *See* Miss. Code Ann. § 97-19-39 (Rev. 2020). Rutland entered into a pretrial diversion program under which she agreed to pay restitution and meet other terms and conditions. However, Rutland failed to comply with the conditions of her pretrial diversion order, and her case was returned to the active docket. In 2016, Rutland's case went to trial. At the close of the State's case-in-chief, the trial judge granted Rutland's motion for a directed verdict and dismissed all charges against her.

¶4. In August 2017, Rutland sued the defendants in circuit court. Her complaint included claims for, inter alia, malicious prosecution and intentional infliction of emotional distress.[2] On October 8, 2019, the parties attended a mediation. On October 11, 2019, Rutland's attorney filed a motion to withdraw from the case, stating that he and Rutland had "a difference of opinion as to how to proceed." On April 29, 2020, the circuit judge[3] held a hearing on counsel's motion to withdraw. Rutland's counsel told the judge that Rutland had originally indicated that she would not oppose his motion but later refused to consent. Rutland admitted at the hearing that she had no real basis for opposing counsel's motion to withdraw. The judge asked Rutland how much time she would need to get a new attorney, and Rutland stated that she would need "60 or 90 days." The judge stated,

---

[2] The complaint itself is not part of the record on appeal because Rutland did not designate it as part of the record on appeal. *See* M.R.A.P. 10(b)(1).

[3] The circuit judge was a special judge appointed by the Mississippi Supreme Court because the only regular circuit judge for the district had entered an order of recusal.

I'm going to give you 60 days in which to retain another attorney. But, Ms. Rutland, I can't stress to you enough how important it is that you do get an attorney . . . and you understand the seriousness of that. And you're going to make every effort to do that within that length of time?

Rutland agreed. That day (April 29, 2020), the judge entered an order granting Rutland "60 days to retain new counsel or proceed pro se."

¶5. On May 18, 2020, the defendants filed a motion for summary judgment, arguing that Rutland could not succeed on her complaint for malicious prosecution because Burroughs and Springer had merely provided information to the district attorney and law enforcement, who then determined that Rutland should be prosecuted. The defendants relied on a number of exhibits, including an affidavit from an assistant district attorney (ADA) who prosecuted Rutland. The ADA stated that he relied on information obtained from persons other than the defendants and continued to believe that Rutland had committed a crime.

¶6. On June 23, 2020, Rutland sent the circuit judge a letter "respectfully requesting the court to grant [her] more time to find representation."[4] She stated that she had "spoken with several attorneys who [were] interested in representing [her] but they want[ed] to review the file first." She alleged that her prior attorney would not turn over her file because she had not paid his final invoice. Rutland claimed that the attorney's charges were improper and that she could not afford to pay them. In support of her claim, Rutland attached an email exchange with a paralegal who worked for her prior attorney.

¶7. The defendants filed a response to Rutland's request for more time, arguing that she

---

[4] Rutland apparently sent the letter directly to the judge and did not file it with the clerk or copy opposing counsel.

had been given ample time to hire new counsel because she had known for over eight months—i.e., since her original attorney moved to withdraw in October 2019—that she needed new counsel. Therefore, they argued that no further delay was warranted.

¶8. In a letter order dated July 1, 2020, and entered on July 7, 2020, the circuit judge denied Rutland's request for additional time. The judge found that the request should be denied because it was an improper ex parte communication to the judge and was not filed with the clerk. The judge further stated "in all likelihood" he would have denied Rutland's request "even if it had been a properly filed [m]otion" because Rutland had indicated at the prior hearing that 60 days would be enough time to hire a new attorney. In addition, the judge found that the defendants' motion for summary judgment should be granted in full, and he directed counsel to provide him with an order consistent with his ruling.

¶9. In a formal written order signed on July 10, 2020, and entered on July 31, 2020, the circuit judge denied Rutland's request for additional time, finding that there was "no need for any further extension," and granted the defendants' motion for summary judgment in full. A separate final judgment of dismissal with prejudice was also signed by the judge on July 10, 2020, and entered on July 31, 2020.

¶10. On July 17, 2020—after the judge had signed the formal order granting summary judgment and final judgment but before they were entered—a new attorney entered an appearance for Rutland and filed a combined motion for reconsideration and opposition to the defendants' motion for summary judgment.[5] In response to Rutland's motion for

_____

[5] Rutland's motion/opposition attached a number of exhibits. However, those exhibits are not part of the record on appeal because Rutland failed to designate her motion

5

reconsideration, the defendants argued that Rutland failed to establish any ground for relief under Rule 59 or Rule 60 of the Mississippi Rules of Civil Procedure.

¶11. At a subsequent hearing on Rutland's motion for reconsideration, counsel for Rutland argued that the defendants' motion for summary judgment was procedurally improper because it was filed while the case was "stayed." Specifically, counsel argued that the judge's April 29 order granting Rutland 60 days to hire a new attorney or proceed pro se operated as a "stay." Therefore, counsel argued that the defendants should not have filed any dispositive motion prior to June 29,[6] and then Rutland should have had ten days to file a response. *See* UCRCCC 4.02(2) (providing that a response to a motion for summary judgment shall be filed within ten days).[7]

¶12. In response, the defendants argued that the judge's April 29 order "did not include a stay." They also reiterated that Rutland's motion failed to identify any ground for relief under Rule 59 or Rule 60. Finally, they pointed out that even accepting Rutland's argument that their motion for summary judgment should not have been filed until June 29, Rutland still failed to file a response within ten days thereafter.

¶13. In rebuttal, Rutland's counsel admitted that Rutland had not filed a response to the defendants' motion for summary judgment within ten days of June 29. Counsel stated that

---

or its exhibits as part of the record on appeal. *See* M.R.A.P. 10(b)(1). Instead, she designated only her supporting memorandum.

[6] Sixty days from the judge's April 29 order was June 28, which fell on a Sunday.

[7] Although not mentioned by Rutland, we note that a party is entitled to three additional days to respond to a motion served by mail. M.R.C.P. 6(e).

he was not retained until July 8 or 9 and then timely filed a motion for reconsideration within ten days of the entry of the judgment. *See* M.R.C.P. 59(e) ("A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.").

¶14. The judge took the matter under advisement and subsequently entered an order denying Rutland's motion for reconsideration. The judge stated that he had considered all of the parties' written and oral arguments and found that Rutland's motion lacked merit and should be denied. Rutland filed a timely notice of appeal.

¶15. On appeal, Rutland argues that the defendants' motion for summary judgment was "improper" because it was filed during a "stay on the proceedings." She also argues that the circuit judge should have granted her motion for reconsideration because the judge's prior order granting summary judgment was "an extreme and harsh sanction"—a "de facto default judgment/involuntary dismissal, . . . dressed up as a grant of a [m]otion for [s]ummary [j]udgment." We address these issues in turn below.

## ANALYSIS

### I. The circuit judge's order was not a stay.

¶16. Rutland argues that the circuit judge's April 29, 2020 order granting her "60 days to retain new counsel or proceed pro se" operated as a complete stay of the proceedings and, therefore, the defendants' filing of a dispositive motion within that period was "improper." She argues that the earliest date that the defendants could have filed their motion was June 29, after which she should have had ten days to respond. Instead, the circuit judge granted the motion in an order signed on July 1 and entered on July 7.

7

¶17. However, nothing in the text of the April 29 order mentions a "stay" of proceedings, and Rutland presents no authority that would require us to interpret the order as a stay. Therefore, the defendants' motion for summary judgment was properly filed. While the circuit judge properly reserved ruling on the defendants' motion until the 60-day period had ended, nothing in the order should have given Rutland an expectation that she was entitled to additional time after the 60-day period. Rather, Rutland should have been prepared to file a response to the motion for summary judgment—either pro se or through counsel—by the end of the 60-day period.[8]

¶18. In addition, although Rutland does not directly attack the circuit judge's denial of her request for additional time to hire an attorney, to the extent that she raises that issue indirectly, we find no abuse of discretion in the judge's ruling. "[T]he decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be reversed unless the decision results in manifest injustice." *Culpepper Enters. Inc. v. Parker*, 270 So. 3d 116, 130 (¶44) (Miss. Ct. App. 2018) (quoting *In re E.G.*, 191 So. 3d 763, 772 (¶37) (Miss. Ct. App. 2016)). In the present case, Rutland had known since her first attorney filed a motion to withdraw in October 2019 that she would have to either hire new counsel or proceed pro se. As noted above, Rutland acknowledged at the hearing in April

---

[8] In addition, as the defendants note, even if we accepted arguendo Rutland's argument that dispositive motions should not have been filed prior to June 29, Rutland still did not file a response within ten days of that date. Rather, she failed to retain new counsel until nine or ten days after the 60-day period had expired, and her new counsel then filed her response to the motion for summary judgment (and motion for reconsideration) on July 17. Accordingly, Rutland's argument regarding a "stay" is not only without merit but also insufficient to make her response timely under Uniform Civil Rule of Circuit and County Court Practice 4.02(2).

2020 that she had no real basis for opposing her original attorney's request to withdraw. Thus, by the time of her June 23, 2020 request for more time, Rutland had already had more than eight months to hire new counsel. Under these circumstances, the circuit judge did not abuse his discretion by finding that no additional delay was warranted. Indeed, at the subsequent hearing on Rutland's motion for reconsideration, Rutland's new attorney "acknowledge[d]" that 60 days was a sufficient amount of time for Rutland to retain new counsel, stating, "There's no dispute of that. . . . [Sixty] days was sufficient."

¶19. In summary, because the case was never "stayed," the defendants' motion for summary judgment was procedurally proper. Furthermore, to the extent that Rutland raises the issue, the circuit judge did not abuse his discretion by denying her request for a continuance or additional time to hire counsel.

**II.    The circuit judge did not err by denying the motion to reconsider.**

¶20. Rutland argues that the trial judge should have granted her motion for reconsideration under Rule 59(a), Rule 59(e), or Rule 60(b)(6) of the Mississippi Rules of Civil Procedure. However, Rule 59(a) is inapplicable because it governs motions for a new trial in cases in which there has been a trial with or without a jury. In this case, there was no "trial"—only an order granting summary judgment. As between Rule 59(e) and Rule 60(b), the Mississippi Supreme Court has held that "[h]ow a court treats a motion for reconsideration turns on the time at which the motion is filed. If the motion is filed within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is after that time, it falls under Rule 60(b)." *DeSoto County v. Standard Constr. Co.*, 283 So. 3d 102, 106-07 (¶14) (Miss.

9

2019) (brackets omitted).[9]  Rutland filed her motion for reconsideration within ten days of the entry of the order granting summary judgment.  Therefore, we will treat it as a motion under Rule 59(e).  This treatment benefits Rutland, as "the movant under Rule 59[(e)] bears a burden considerably lesser than a movant under Rule 60(b)."  *Bruce*, 587 So. 2d at 904.

¶21.   We review the denial of a Rule 59(e) motion to alter or amend the judgment only for an abuse of discretion.  *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004) (explaining that "a motion to set aside or reconsider an order granting summary judgment will be treated as a motion under Rule 59(e)").  "[I]n order to succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice."  *Id.*

¶22.   The circuit judge did not abuse his discretion by denying Rutland's motion for reconsideration.  In the circuit court, Rutland argued that the circuit judge should grant reconsideration because a "stay" was in effect when the defendants filed their motion for summary judgment.  However, for the reasons already discussed above, that argument is without merit.

¶23.   Rutland also argued that the circuit judge should grant reconsideration because she

---

[9] *See also Bruce v. Bruce*, 587 So. 2d 898, 904 (Miss. 1991) ("[W]here a motion calls into question the correctness of all or any part of a judgment, . . . and where the motion is filed within the time allowed by Rule 59, we will presume that the motion has been filed under Rule 59 without regard to how it may be styled."); M.R.C.P. 59 Advisory Committee Note (explaining that Rule 59 "does not authorize a motion for reconsideration after entry of judgment" per se, but "[i]f a motion is mislabeled as a motion for reconsideration and was filed within ten days after the entry of judgment, the trial court should treat such motion as a post-trial motion to alter or amend the judgment pursuant to [Rule] 59(e)").

had (belatedly) presented evidence that created a genuine issue of material fact. However, as noted above, Rutland failed to designate any of the exhibits that she filed in opposition to summary judgment as part of the record on appeal. *See supra* note 5. Therefore, those exhibits are not part of the record on appeal, and we cannot review this argument on appeal.[10] More important, "[the Mississippi Supreme] Court has held that the unexcused failure to present evidence which is available at the time summary judgment is under consideration constitutes a valid basis for denying a motion to reconsider." *Handy v. Madison Cty. Nursing Home*, 192 So. 3d 1005, 1012 (¶22) (Miss. 2016) (brackets and quotation marks omitted). Because Rutland "could and should have . . . submitted" her evidence in response to the motion for summary judgment, the circuit judge did not abuse his discretion by denying her motion for reconsideration. *Id.*

¶24. Finally, on appeal, Rutland argues that the circuit judge should have granted reconsideration because the judge's prior order granting summary judgment was "an extreme and harsh sanction"— a "de facto default judgment/involuntary dismissal, . . . dressed up as a grant of a [m]otion for [s]ummary [j]udgment." In support of this argument, Rutland relies on cases that address the standard for dismissing a case as a sanction for failure to prosecute. This argument fails, however, because an order granting summary judgment reflects a judicial determination "that there is no genuine issue as to any material fact and that the

---

[10] *Pennington v. Dillard Supply Inc.*, 858 So. 2d 902, 903 (¶5) (Miss. Ct. App. 2003) ("It is an appellant's duty to justify his arguments of error with a proper record or the trial court will be considered correct. The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented." (citations omitted)).

11

moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). Even if the non-moving party fails to respond, the grant of summary judgment is a determination of the merits—not a "sanction." *See Handy*, 192 So. 3d at 1011 (¶19) (explaining that the trial court granted the defendant's motion for summary judgment because the defendant "was entitled to summary judgment"—not "as a discovery sanction"); *Anderson v. Wiggins*, No. 2017-CT-00607-SCT, 2020 WL 830767, at *3 (¶¶10-13) (Miss. Feb. 20, 2020) (explaining that the failure to respond to a motion for summary judgment "does not mandate granting the motion" because the court still must determine that the record does not show any genuine issue of material fact for trial). In the instant case, the circuit judge granted the defendants' motion for summary judgment because the judge determined that the evidence of record showed that there was no genuine issue of material fact for trial—not as any sort of "sanction" against Rutland. *Handy*, 192 So. 3d at 1011 (¶19). Accordingly, the case law that Rutland cites on appeal is inapposite and provides no basis for us to find that the circuit judge abused his discretion by denying Rutland's motion for reconsideration.

## CONCLUSION

¶25. In summary, the circuit judge's order granting Rutland time to hire new counsel did not operate as a "stay," the defendants' motion for summary judgment was procedurally proper, and the circuit judge did not abuse his discretion by denying Rutland's motion for reconsideration.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD,**

12

**McCARTY, SMITH AND EMFINGER, JJ., CONCUR. LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**